

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SUNTRUST MORTGAGE, INC., <br> a Virginia Corporation <br><br> Plaintiff, <br><br> v. <br><br> MUTUAL FUNDING CORPORATION, <br> d/b/a Fortune Mortgage Services <br> a New York Corporation, <br> c/o Donnison Lai <br> 9 East Broadway 2nd Floor <br> New York, New York 10038 <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.: 3:12cv850 |

## COMPLAINT

Plaintiff, SunTrust Mortgage, Inc. ("SunTrust"), by counsel, states the following for its Complaint against Mutual Funding Corporation, doing business as Fortune Mortgage Services ("Fortune Mortgage"):

### PARTIES

1. SunTrust is a Virginia corporation with its principal place of business located in Richmond, Virginia.

2. Fortune Mortgage is a New York corporation with its principal place of business located in New York, New York.

### JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1332(a) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Jurisdiction and venue are proper in this Court because the parties entered into a Mortgage Broker Agreement, dated January 29, 2008 (the "Agreement"), that contains a forum selection clause recognizing, for the purpose of any action to enforce the Agreement, Fortune Mortgage submits to personal jurisdiction in the Commonwealth of Virginia and venue in this Court. This is an action to enforce the Agreement. A copy of the Agreement is attached as Exhibit 1.

## FACTUAL BACKGROUND

### The Mortgage Broker Agreement

5. On or about January 29, 2008, SunTrust and Fortune Mortgage entered into the Agreement pursuant to which Fortune Mortgage agreed to originate, process, and broker mortgage loans to SunTrust. The loans were to be closed in the name of SunTrust with SunTrust's own funds in accordance with and subject to the terms and conditions of the Agreement and SunTrust's requirements.

6. For each mortgage loan originated, processed and brokered by Fortune Mortgage to SunTrust under the Agreement, Fortune Mortgage represented and warranted that:

> 9.1. Eligibility. Broker has originated, processed and brokered each Mortgage Loan in full compliance with this Agreement and Lender's requirements.
>
> . . .
>
> 9.5. Accuracy of Application and Related Documentation. All information contained in each Application, the Loan Application Package and other documentation submitted to Lender in connection with the Mortgage Loan, including all signatures thereon, is genuine, complete and accurate; no such documentation has been in any manner changed or modified after its execution; no fraudulent or misleading information (including, without limitation, any information obtained from or concerning the Borrower or the Secured Property, any credit report regarding the Borrower, or any appraisal report regarding the Secured Property) has been provided to Lender in connection with the Mortgage Loan; Broker is not aware of any information that would contradict or render inaccurate any documentation submitted to Lender in connection with the Mortgage Loan; and Broker is

2

not aware of any omissions in the Application, Loan Application Package or other documentation submitted to Lender in connection with the Mortgage Loan that would render the same incomplete or inaccurate. Each Applicant and Borrower is alive, is of majority age or older and has the legal capacity to apply for and enter into a Mortgage Loan.

. . .

9.6. <u>Acceptable Investment</u>. There are no circumstances or conditions with respect to the Mortgage Loan, the Secured Property, the Borrower, or the Borrower's credit standing that can reasonably be expected to: (a) cause private institutional investors to regard the Mortgage Loan as an unacceptable investment; or (b) cause the Mortgage Loan to become delinquent; or (c) adversely affect the Mortgage Loan's value or marketability.

13. <u>Purchase requirement</u>. In addition to any other rights which Lender may have against Broker under this Agreement or applicable law, if any of the Events of Default described in Sections 12.1, 12.2, 12.3, 12.4, or 12.5 of this Agreement shall have occurred with respect to the Mortgage Loan brokered by Broker to Lender hereafter, Broker agrees to purchase such Mortgage Loan (or if the Mortgage Loan has been foreclosed upon, to purchase the Secured Property if it is still held by Lender) within 10 calendar days after Lender's demand. Broker's purchase obligation under this Section 13 shall survive any of the events described in Section 11 of this Agreement. Broker's obligation to purchase Mortgage Loans under this Section 13 shall be in addition to, and not in replacement of, Broker's obligation to purchase Mortgage Loans under any other provision of this Agreement or applicable law. In the event Broker is obligated to purchase a Mortgage Loan under this Section 13, the purchase price shall be the unpaid principal balance of the Mortgage Loan plus (a) any mortgage broker fees that Broker has received from Lender in connection with the Mortgage Loan transaction, (b) all accrued interest through and including the date of purchase, and (c) reimbursement to Lender for any expenses or court costs incurred in connection with the sale of such Mortgage Loan to Broker or investigating or researching the circumstances surrounding the Mortgage Loan or enforcing such purchase including, without limitation, attorney's fees or other professional fees. Lender shall have the right to offset the amount owed by Broker to Lender pursuant to this Section 13 at any time, without prior notice, against any balances, credits, deposits, accounts or monies of Broker then or thereafter held by Lender or amounts owed by Lender to Broker.

. . .

3

7. Fortune Mortgage also agreed to indemnify SunTrust for its losses in certain situations:

> 15. <u>Indemnity</u>. Broker hereby agrees to indemnify, defend and hold harmless Lender and its successors, affiliates, and assigns, together with their respective officers, directors, employees and agents (collectively, the "Indemnitees"), from and against any and all claims, losses, damages, fines, penalties, forfeitures, attorney's fees, judgments and any costs, court costs, fees and expenses relating to, arising out of, based upon, or resulting from (a) a breach by Broker of any representation, warranty, term, condition or obligation contained in or made pursuant to this Agreement or elsewhere, (b) a failure by Broker to disclose any information that renders any such representation or warranty misleading or inaccurate, (c) any materially inaccurate, incomplete, false, or misleading information provided by or through Broker to Lender, (d) any misrepresentation made by or through Broker to Lender concerning any Mortgage Loan, or (e) Broker's ownership of or actions with respect to any Mortgage Loan. This Section 15 shall survive any purchase, sale or transfer of any Mortgage Loan or any interest therein by any of the Indemnitees, the foreclosure or liquidation of the Mortgage Loan, and any termination of this Agreement.

## The Zhu Loans

8. On or about March 31, 2008, Heping Zhu ("Zhu") obtained two mortgage loans through Fortune Mortgage, the first in the amount of $417,000.00 (the "First Zhu Loan"), and the second in the amount of $168,000.00 (the "Second Zhu Loan") (together with the First Zhu Loan, the "Zhu Loans"). The Zhu Loans were secured by mortgages on the real property located at 153-37 78th Ave., Flushing, New York 11367 (the "Zhu Property").

9. Fortune Mortgage processed, originated, and brokered the Zhu Loans to SunTrust, and SunTrust paid Fortune Mortgage premiums for the Zhu Loans.

10. On or about May 13, 2008, SunTrust sold the First Zhu Loan to the Federal National Mortgage Association ("Fannie Mae").

4

11. On or about August 5, 2011, Fannie Mae notified SunTrust of its obligation to repurchase the First Zhu Loan from Fannie Mae due to the borrower's failure to disclose two additional mortgage liabilities on the applications for the First Zhu Loan.

12. During its investigation of the Fannie Mae demand, SunTrust determined that on the applications for the Zhu Loans, Zhu failed to disclose two mortgage loans secured by the real property briefly known as 27 Mackinnon Place, East Lynn, Connecticut 06333, which together resulted in $508,000.00 of undisclosed debt.

13. In light of these findings, SunTrust determined that the Zhu Loans were made based on false, misleading, and incomplete information and that Fortune Mortgage had failed to ensure that the Zhu Loans constituted acceptable investments.

14. On or about September 22, 2011, SunTrust paid $414,651.63 to Fannie Mae to repurchase the First Zhu Loan.

15. By letters dated March 21, 2012 and April 13, 2012 and in accordance with Sections 9.1, 9.5, 9.6, and 15 of the Agreement, SunTrust, by counsel, requested that Fortune Mortgage repurchase the Zhu Loans. However, Fortune Mortgage failed to repurchase the Zhu Loans.

16. After sending the Demands, SunTrust subsequently sold the First Zhu Loan to an investor and applied the proceeds of the sale to the balance due under the First Zhu Loan.

17. As a result, on November 1, 2012, SunTrust, by counsel, requested that Fortune Mortgage indemnify SunTrust for its losses related to the Zhu Loans. However, Fortune Mortgage failed to indemnify SunTrust.

18. As of November 15, 2012, SunTrust has suffered $353,304.66 in losses related to the Zhu Loans, with $185,992.42 in losses attributable to the First Zhu Loan and $167,312.24 attributable to the Second Zhu Loan.

## COUNT I: BREACH OF CONTRACT

19. SunTrust incorporates the allegations set forth in paragraphs 1 through 18 above as if set forth fully herein.

20. The parties' Agreement required Fortune Mortgage, in originating, processing, and brokering the Zhu Loans to SunTrust, to represent and warrant that the Loans and their related documentation were "genuine, complete and accurate" and contained "no fraudulent or misleading information," and that there were no circumstances or conditions that would render the Zhu Loans "unacceptable investment[s]" or "adversely affect [their] value or marketability."

21. SunTrust's review of the Zhu Loans confirmed that Fortune Mortgage had breached its obligations under the Agreement by originating, processing, and brokering to SunTrust Loans that contained inaccurate, fraudulent and/or misleading information. As a result, Fortune Mortgage is required to indemnify SunTrust for its losses related to the Zhu Loans under Sections 9.1, 9.5, 9.6, and 15 of the Agreement.

22. Specifically, Section 15 of the Agreement requires Fortune Mortgage to indemnify SunTrust "from and against any and all claims, losses, damages, fines, penalties, forfeitures, attorney's fees, judgments and any costs, court costs, fees and expenses relating to, arising out of, based upon, or resulting from" a breach of presentation or warranty; a failure to disclose information rendering such presentation or warranty "misleading or inaccurate"; "materially inaccurate, incomplete, false, or misleading information"; or "any misrepresentation made by or through" Fortune Mortgage to SunTrust.

23. As a direct result of Fortune Mortgage's breaches of the Agreement, SunTrust has been damaged in the amount of $353,304.66, plus accrued interest from the date of demand, reflecting losses incurred from the non-performance of the Zhu Loans, together with all costs and attorney's fees associated with SunTrust's enforcement of its rights under the Agreement.

WHEREFORE, SunTrust Mortgage, Inc., by counsel, respectfully requests that the Court enter judgment and award damages against Fortune Mortgage in the amount of $353,304.66 together with all costs and attorney's fees associated with SunTrust's enforcement of its rights under the Agreement, pre-judgment and post-judgment interest, and such other relief as the Court deems just and proper.

SUNTRUST MORTGAGE, INC.

By: /s/ Robert D. Perrow
Robert D. Perrow (VSB No. 14766)
J.P. McGuire Boyd, Jr. (VSB No. 72753)
Steven P. Gould (VSB No. 80411)
Williams Mullen
P.O. Box 1320
Richmond, Virginia 23218-1320
Telephone: 804.420.6000
Facsimile: 804.420.6507
Email: bperrow@williamsmullen.com
Email: mboyd@williamsmullen.com
Email: sgould@williamsmullen.com
*Counsel for Plaintiff SunTrust Mortgage, Inc.*

19802264_1